**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| Harry Brantley, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **No. 1:26cv500 (RDA/WBP)** |
| | ) | |
| Chad Dotson., | ) | |
|     Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Virginia inmate Harry Brantley's ("Petitioner") petition for a writ of habeas corpus, which was transferred to this Court by the United States District Court for the Western District of Virginia. Dkt. Nos. 1, 5. On February 25, 2026, Petitioner was ordered to comply with Local Civil Rule 83.4 and amend his petition by using a standardized form. Dkt. No. 8. Instead of complying, on March 26, 2026, he filed a Motion to Alter Judgment, Dkt. No. 10, and asserted that he had not filed a § 2254 petition but instead that he had filed a motion under Federal Rule of Civil Procedure Rule 60(b)(4), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . [if] the judgment is void." *FTC v. Ross*, 74 F.4th 186, 191 (4th Cir. 2023). Although styled as a Rule 60(b) motion, under Supreme Court precedent his motion is, in reality, a successive habeas petition and will be dismissed.

Petitioner's Rule 60(b)(4) motion is entitled "Motion for Relief," and challenges the December 5, 2013, order of the Circuit Court of Prince George County, Virginia, which is the same state court judgment he challenged in a previous § 2254 petition. *Brantley v. Dir., Va. Dep't of Corr.*, No. 1:16CV661 (GBL/JFA), 2017 WL 4052801, at *1 (E.D. Va. Sept. 12, 2017)

(challenging his December 5, 2013, convictions for "two counts of attempted robbery, two counts of use of a firearm in the commission of a robbery, malicious wounding, and use of a firearm in the commission of a malicious wounding. Case No. CR13-0017-00 through -05."), *appeal dismissed*, 732 F. App'x 202 (4th Cir. 2018). It is evident, after reviewing the pleading and this Court's records, that Petitioner's Motion for Relief is a successive habeas petition.

In *Moses v. Joyner*, 815 F.3d 163 (4th Cir. 2016), the Fourth Circuit observed that due to § 2244(b)'s statutory prohibition against the filing of second or successive habeas petitions, the Supreme Court has "firmly reined in" the availability of Rule 60(b) relief to a prisoner who seeks to reopen a final judgment issued in his federal habeas proceedings. *Id.* at 168. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court considered whether a habeas petitioner could ever invoke Rule 60(b) without running afoul of the statutory limitations on the filing of second and successive habeas petitions in § 2244 and held that Rule 60(b) had a "valid role to play in habeas cases," but it also made clear that this role is a narrow one. *Id.* at 534. Indeed, Rule 60(b) motions that do not rely on new rules of constitutional law or newly discovered facts, "although labeled [] Rule 60(b) motion[s], [are] in substance [] successive habeas petition[s] and should be treated accordingly." *Id.* at 531. The Court has reviewed the Motion for Relief and has not identified any instances in which Petitioner raises newly made rules of constitutional law or relies upon facts unavailable to him at the time of his initial petition.

Section 2244(b) compels that the present federal habeas petition be dismissed as a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review the petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on

2

collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show by "clear and convincing evidence that but for constitutional error, no reasonable fact Finder would have found the applicant guilty of in in lying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of Section 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of Section 2244, however, does not lie with the district court; it "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction" over a successive petition. *Evans*, 220 F.3d at 325. Petitioner has not provided an appropriate order from the Fourth Circuit. This Court therefore lacks jurisdiction to consider this successive petition, and the petition will be dismissed without prejudice.

Further, the prohibition against successive writs aside, Rule 60(b) does not provide a mechanism for challenging the judgment of a state court.[1] *See Burnett v. Amrein*, 243 F. App'x 393, 395 (10th Cir. 2007) (explaining that Federal Rule 60(b) "does not authorize a federal district court to relieve [parties] of a judgment entered in state court . . . because any such action would violate the *Rooker-Feldman* doctrine.") (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006) (holding that the *Rooker-Feldman* doctrine "prohibits federal suits that amount to appeals of state court judgments.'")).

---

[1] Brantley admits in his Rule 60(b) motion that he raised his claim (that his convictions were void ab initio because the state had not complied with Virginia Code § 19.2-217, requiring indictments to be returned in open court) in the state circuit court, lost, and then his appeal was refused by the Virginia Supreme Court. Dkt. No. 1 at 2-3.

Absent specific law otherwise providing, the *Rooker-Feldman* doctrine directs that:

> federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district courts, as courts of original jurisdiction, lack[] appellate jurisdiction to review, modify, or nullify final orders of state courts."

*Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (footnotes and citations omitted); *accord Hulsey v. Cisa*, 947 F.3d 246, 249 (4th Cir. 2020) ("Among the federal courts, only the Supreme Court possesses the authority to exercise appellate jurisdiction over state-court judgments. Congress vested such authority in the Supreme Court in 28 U.S.C. § 1257(a)." (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005)).[2]

Accordingly, it is hereby

**ORDERED** that Petitioner's Motion to Alter Judgment, Dkt. No. 9 is **DENIED**, and that this successive petition, Dkt. No. 1, be and is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the

---

[2] *See, e.g., O.W. v. Sch. Bd. of the City of Virginia Beach*, 656 F. Supp. 3d 596, 610 (E.D. Va. 2023) ("The *Rooker-Feldman* doctrine is derived from two Supreme Court" cases that "stand[] for the proposition that a federal district court 'has no authority to review final judgments of a state court in judicial proceedings.' The doctrine should be narrowly applied to only 'cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'") (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 682 (1983), and *Exxon Mobil Corp.* 544 U.S. at 284, and citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision.

Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28

U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for

the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to Petitioner

and to close this civil action.

Entered this _____8_____ day of _____April_____ 2026.

Alexandria, Virginia

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge

5